Jing v. Barr

BIA
Poczter, IJ
A206 722 634

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 7th day of March, two thousand nineteen.

PRESENT:
> DEBRA ANN LIVINGSTON,
> GERARD E. LYNCH,
> > *Circuit Judges*,
> MARGO K. BRODIE,
> > *District Judge*.*

_____

XINGYU JING, AKA XIANG YU JIANG,
> *Petitioner*,

v.                                                      17-1025

WILLIAM P. BARR,
UNITED STATES ATTORNEY GENERAL,
> *Respondent*.

_____

FOR PETITIONER:              MONA LIZA F. LAO, New York, NY.

FOR RESPONDENT:              TRACIE N. JONES, Trial Attorney;
                             Chad A. Readler, Acting Assistant

_____

* Judge Margo K. Brodie, of the United States District Court for the Eastern District of New York, sitting by designation.

Attorney General; Cindy S. Ferrier, Assistant Director; Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Xingyu Jing ("Jing"), a native and citizen of the People's Republic of China, seeks review of a March 15, 2017 decision of the BIA affirming an August 3, 2016 decision of an Immigration Judge ("IJ") denying asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Xingyu Jing,* No. A206 722 634 (B.I.A. Mar. 15, 2017), *aff'g* No. A206 722 634 (Immig. Ct. N.Y. City Aug. 3, 2016). We assume the parties' familiarity with the underlying facts and procedural history in this case.

We have reviewed both the IJ's and the BIA's opinions "for the sake of completeness." *Wangchuck v. Dep't of Homeland Security*, 448 F.3d 524, 528 (2d Cir. 2006). The applicable standards of review are well established. *See* 8 U.S.C. § 1252(b)(4)(B); *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 165-66 (2d Cir. 2008).

2

"Considering the totality of the circumstances, . . . a trier of fact may base a credibility determination on . . . the consistency between the applicant's or witness's written and oral statements . . . , [and] the internal consistency of each such statement . . . ."  8 U.S.C. § 1158(b)(1)(B)(iii); *see also Xiu Xia Lin*, 534 F.3d at 163-64.  Substantial evidence supports the agency's determination that Jing was not credible as to his claim that Chinese officials detained and beat him on account of his practice of Christianity.

The agency reasonably relied on what it found to be inconsistency between Jing's accounts on direct and cross examination of the nature and frequency of the police mistreatment he experienced during and after detention by the police following his arrest while participating in a service at a "house church." *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *see also Xiu Xia Lin*, 534 F.3d at 165-67. During Jing's credible fear interview and direct testimony and in his asylum application and written statement, Jing mentioned that the police required him to report to them every two weeks after his release from detention. Asked on direct whether he had "any problems after [his] release" from custody, Jing failed to mention any further "problems" with the police,

3

identifying only the fact that he lost his job because he was arrested for attending an underground church.

On cross-examination, however, Jing testified to additional incidents of police surveillance and mistreatment after detention, including that the police ordered him to attend anti-underground Christian church classes, that the police slapped him once for refusing to attend the class, and that officers came to his home nine to ten times, and physically mistreated him during five or six of those visits. The agency was not required to credit Jing's explanations that he omitted the information to be consistent with his initial interview or that he did not think the incidents were relevant. *See Majidi v. Gonzales*, 430 F.3d 77, 80 (2d Cir. 2005) ("A petitioner must do more than offer a plausible explanation for his inconsistent statements to secure relief; he must demonstrate that a reasonable fact-finder would be *compelled* to credit his testimony." (internal quotation marks omitted)); *see also Hong Fei Gao v. Sessions*, 891 F.3d 67, 82 (2d Cir. 2018) (recognizing that the omission of a beating from a corroborating letter that discussed other post-arrest events is evidence relevant to a credibility finding).

While the agency may have placed too much weight on an

4

additional omission of some minor medical treatment, *see Hong Fei Gao*, 891 F.3d at 79-81, Jing's testimony about the nature and frequency of the police mistreatment he experienced after release from custody was material to support the credibility determination. *Xian Tuan Ye v. Dep't of Homeland Sec.*, 446 F.3d 289, 295 (2d Cir. 2006) (holding that where the BIA relied on a material omission "in an aspect of [the] story that served as an example of the very persecution from which [the petitioner] sought asylum," that such an omission supported the adverse credibility finding).

Given the materiality of Jing's omissions regarding subsequent physical mistreatment by the police that detained him, the apparent inconsistency of this omission with his response to the question on direct about any problems he experienced after his release, and his inability to provide a sufficient explanation for his omissions, the adverse credibility determination is supported by substantial evidence. 8 U.S.C. § 1158(b)(1)(B)(iii); *Zhang v. Holder*, 585 F.3d 715, 726 (2d Cir. 2009) (upholding adverse credibility determination where applicant had previously omitted "that she had undergone two forced abortions and had been driven to attempt suicide"); *Cheng Tong Wang v. Gonzales*, 449 F.3d 451,

5

453-54 (2d Cir. 2006) ("[O]missions that go to a heart of an applicant's claim can form the basis for an adverse credibility determination."). That determination is dispositive of asylum, withholding of removal, and CAT relief because all three claims are based on the same factual predicate. *See Paul v. Gonzales*, 444 F.3d 148, 156-57 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DENIED. The stay of removal that the Court previously issued in this petition is VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk